**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GEICO GENERAL INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 26-1880** |
| **UNITED STATES OF AMERICA on behalf of KENNETH RICHARD MURPHY** | **SECTION: T(3)** |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss (R. Doc. 5) filed by the United States of America ("United States") asserting this Court lacks subject matter jurisdiction over Geico General Insurance Company's ("Geico") claims under the Federal Tort Claims Act because Geico failed to first exhaust its administrative remedies. Geico has not filed a response in opposition to the Motion, and the time for doing so has elapsed. Accordingly, the Motion is deemed to be unopposed. For the reasons set forth below, the Court will **GRANT** the Motion and dismiss Geico's claims without prejudice.

## BACKGROUND

On July 29, 2026, Geico filed a subrogation action in the Civil District Court for Orleans Parish against Kenneth Richard Murphy ("Murphy") to recover amounts Geico alleges it paid on behalf of its insured, Lisa Maichin ("Maichin"), arising out of the January 25, 2025, motor vehicle accident between Maichin and Murphy (the "incident"). R. Doc. 1, p. 1. On August 26, 2026, the United States timely filed a Notice of Removal in this Court asserting that at the time of the incident, Murphy was an employee of the United States acting within the scope of his employment and asserting that the United States is the proper defendant in this matter. R. Doc. 1 pp. 2–3; *see* Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1) (waiving sovereign immunity for

certain torts committed by employees of the United States); *Atorie Air. Inc. v. FAA* , 942 F.2d 954, 957 (5th Cir. 1991) ("All suits brought under the FTCA must be brought against the United States.").

According to the United States, Murphy was an employee of the Internal Revenue Service ("IRS") and was acting within the scope of his employment at the time of the incident. *See* R. Doc. 1, p. 2. On August 26, 2026, the United States filed a Certification confirming Murphy was employed by the IRS and acting within the scope of that employment at the time of the incident. R. Doc. 1-2. Upon certification of employment, the United States "shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(2); 28 C.F.R. § 15.4. Thus, Geico's claims are only properly asserted against the United States under the FTCA.

In its Motion, the United States asks this Court to dismiss Geico's action for lack of subject matter jurisdiction under the FTCA. R. Doc. 5. The United States argues that Geico failed to exhaust its administrative remedies as required by the FTCA before instituting this lawsuit. R. Doc. 5-1, p. 4. The United States argues that under the FTCA, a plaintiff must present his or her claim to the responsible federal agency before filing a lawsuit. R. Doc. 5-1, p. 4. In support, the United States filed the Declaration of Donte' J. Coleman, Claims Manager for the IRS. R. Doc. 5-3. According to the Declaration, the IRS has no record of a claim filed by Maichin or Geico on Maichin's behalf pertaining to the incident. R. Doc. 5-3. The United States argues that because Geico failed to comply with the statutory procedure, this Court lacks subject matter jurisdiction.

## LAW AND ANALYSIS

Federal courts are courts of limited jurisdiction and possess power over only those cases authorized by the United States Constitution and federal statutes. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, "[a] case is

properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A court may find subject matter jurisdiction is lacking from "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.*

The applicable law for suits under the FTCA is well-settled. *See Morales-Diaz v. United States*, No. 19-2552, 2019 WL 2469685 (E. D. La. June 13, 2019). "The FTCA creates a statutory cause of action against the United States for torts committed by federal officials within the scope of their employment." *Saunders v. Bush*, 15 F.3d 64, 66 (5th Cir. 1994); *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217–18 (2008) (citing 28 U.S.C. §§ 1346(b)(1)) ("In the FTCA, Congress waived the United States' sovereign immunity for claims arising from torts committed by federal employees."). "Section 2679 of the FTCA provides that a suit against the United States is the exclusive remedy for damages for injury or loss of property 'resulting from the negligent or wrongful conduct of any employee of the Government while acting within the scope of his office or employment.'" *McLaurin v. United States*, 392 F.3d 774, 777 (5th Cir. 2004) (quoting 28 U.S.C. § 2679(b)(1)).

Before a lawsuit may be filed, however, the FTCA requires a plaintiff to first submit his or her claim to the appropriate federal agency. *Hinojosa v. U.S. Bureau of Prisons*, 506 F. App'x 280, 282 (5th Cir. 2013) (quoting 28 U.S.C. § 2675(a)) ("Under the FTCA, no damages action may be instituted against the United States 'unless the claimant shall have first presented the claim to the

appropriate Federal agency and his claim shall have been finally denied by the agency in writing' or been left undecided for six months."). Thus, an action against the United States seeking money damages for injury or loss caused by the negligence of an employee of the United States who was acting within the scope of his or her employment at the time of the loss must first be presented to the appropriate federal agency. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113, (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995), *on reh'g in part*, 81 F.3d 520 (5th Cir. 1996) (finding subject matter jurisdiction "conditioned on compliance with 28 U.S.C. § 2675(a), which declares that 'an action shall not be instituted' unless the plaintiff has filed an administrative claim and either obtained a written denial or waited six months").

This "requirement is jurisdictional and cannot be waived." *Baker v. McHugh*, 672 F. App'x 357, 362 (5th Cir. 2016) (quoting *Emps. Welfare Comm. v. Daws*, 599 F.2d 1375, 1378 (5th Cir. 1979)). "The Supreme Court has recognized that strict compliance with the administrative exhaustion procedures outlined in the FTCA is required of a plaintiff who institutes an action against the United States." *Mendoza v. United States*, No. 4:20-cv-154-O, 2020 WL 6737871, at *2 (N.D. Tex. Nov. 17, 2020) (citing *McNeil*, 508 U.S. at 112) (failing "to completely exhaust administrative remedies *prior* to filing an FTCA claim is a jurisdictional defect").

The plaintiff bears the burden of establishing presentment of his or her claim to the appropriate agency. *Barber v. United States*, 642 F. App'x 411, 413 (5th Cir. 2016). A plaintiff "gives proper notice within the meaning of § 2675(a) only when the agency obtains sufficient written information to begin investigating and the claimant places a value on his claim." *Cook v. United States Dep't of Labor*, 978 F.2d 164, 165 (5th Cir. 1992).

The United States has submitted evidence including the Certification of Murphy's employment, R. Doc. 1-2, and the Declaration of the IRS Claims Manager, R. Doc., 5-3, declaring the IRS had not received an administrative FTCA claim from Geico regarding the incident. Because Geico did not present its claim to the IRS before filing this lawsuit, Geico failed to comply with the strict requirements of the FTCA and this Court, therefore, lacks subject matter jurisdiction.

Considering the law, the record, the evidence submitted by the United States, and Geico's failure to oppose the motion,

**IT IS ORDERED** that the United States' motion to dismiss for lack of subject matter jurisdiction (R. Doc. 5) is **GRANTED** and Geico's claims are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 16th day of October 2026.

Greg Gerard Guidry

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE